Good morning, your honors. May it please the court. Our case is really an anomaly. It's an aberration and it's exacerbated by the fact that neither we nor really the judiciary possess all of the information in this situation, which really has been hidden by the appellee and its predecessors. But there are certain facts that we do know. And we know that Countrywide Bank of America, that they sold the Zipser's secured mortgage note to a real estate mortgage investment conduit. We'll call that a REMIC. And they sold that sometime between 2004 and 2010. And we know that there has to be the sale to a REMIC because they've admitted to us through letters, and it's also part of our initial claim, that there was a pooling and servicing agreement. And that this pooling and service agreement, we call a PSA, that they admitted that they entered into one. So once we know that there's a pooling and servicing agreement, we know that there's a REMIC. Let me ask you a couple of questions. I think you're getting off the point just a little bit. We have a bankruptcy judge who's sitting there, and he has no idea about any of this. And so there's a voluntary Chapter 7 that's filed. And in the voluntary Chapter 7, then there is a discharge. And a final accounting was filed. And then there was a voluntary Chapter 13. In the voluntary Chapter 13, we have a proof of claim, which was filed. And it was timely filed. And it was complied with the requirement of Rule 3001. Once you have this proof of claim timely filed, having complied with the requirement of 3001, what is the effect of that in the bankruptcy? No, I understand. I think the effect of that, and this is, I think, where the court tried to go. Isn't this the effect? They're basically saying that they've put a prima facie case. They have a prima facie evidence of the validity of the claim and the amount. That's in the law. Correct. But if I may... Okay. So what evidence do you have to rebut that? That's what this whole case is about. And that's why we go on the remit, because that is... Hold on just a minute. What evidence do you have? First of all, what we put into the claim initially. We put into the claim that there was this PSA. We told the court there was a pooling and servicing. By the way, we told the court prior to that hearing, because we went through Rule 3007, and saw if there's some disputed facts here. And we thought there was plenty of disputed facts. So what's the import of the existence of the PSA? The import of the existence of the PSA, because that is a conclusive proof that there's a remit. We know there's a real estate mortgage investment conduit, because there's a pooling and servicing agreement. Okay. And so what effect does that have on the note that's the evidence of the claim? That's the crux of it. That's the crux of it, okay. Because if there is a pooling and servicing agreement, and I have copies of pooling and services agreements that Countrywide normally entered into. And we asked for those pooling... They told us. They sent the letter. And they said... When I say they, I mean Awkward. They said that your debt has been fully paid. They told us that. And they also said, if you don't mind, they also said that under this pooling and servicing agreement, there's a new servicer. So we know that there's a... So they gave us some facts. Your debt was fully paid on behalf of whom? Not on behalf of the mortgagor. No. They paid... What happened was... Let's go through the analogy. So if you don't mind. Well... I'll answer the question. I can't take two questions. I'm sorry. The worry I have is that I don't think you've answered my question. I think you've gone off on another thing. We've got to have some evidence to rebut this prima facie evidence of validity and amount. That's why we're here, Your Honor. That's why we're here. I understand that's why we're here. That's why I'm giving you the question. Okay. And the entity in actual possession of a note and the beneficiary of the deed of trust has the standing to enforce the claim. So here we have an entity with actual possession of the note, which is endorsed in blank, which they hold. So they become the holder of the note. And the beneficiary, they are also of the deed of trust. So therefore, they have the standing to enforce the claim. And that's what the district court said. And that's what the BAP said. You're wrong. Once they come to that, you're done. That's why we're here, Your Honor. And there's two points I want to make to what you're referring to. I don't think the court, the bankruptcy court or the lower court, had the evidence. And what we asked... They didn't have the evidence. No. What I'm saying is they did. First of all, we weren't allowed an evidentiary hearing. That's a violation of due process. I can get to that. But I think I... There was a hearing. There was a hearing. And no oral evidence was presented or requested to be presented. That's not correct. Okay. Let me go there. I read the transcript. Where did you request it? I'm not that familiar with Judge Carroll. I read the rule, Rule 3007. And Rule 3000, the local rule, says that if there is a factual dispute, that the court can take this as a status conference and set it for an evidentiary hearing. I asked... Can or must? No, it was a can. It wasn't a must. They may. But that's what we're here for. If the court didn't possess... Why would it be a violation of due process if it's discretionary? Because as this case has progressed, more facts have come to light. And that's why we're here as well here. That we... That the violation... Look, if the court didn't... By the way, there's... Don't say look it. No, no, no. I'm sorry. Excuse me, Your Honor. I don't mean to be disrespectful in any way, shape, or form. What I'm trying to do... I want to make my... I think you've got to think about what you're saying because you're getting carried away here. No. Let me... Let me... Okay. I guess my passion for this case is I think that it needs to be heard. And I don't think we've really been heard. And I'd like to be able to be heard, Your Honor. And when I go through and you say I'm on a tangent with the remic, I'd like to go through that to establish what the facts are here and what we know and what we don't know. And what we know is... Well, what I was trying to do is focus you on the law that I have to apply and that I can't get around not applying. Okay. And then you can go on all the tangent you want, and I'll let you go if that's what it is. But all I want you to do is focus on what you're trying to show me. That's fine. And don't get off that because then I'll just forget what you're saying. That's fine. What I'm trying to say is that this thing about them having the note, just because they have the note, that that's not sufficient. Just walking in and saying, I picked up this note off the street is not sufficient. And I think that's what you're trying to direct me to, Your Honor. Frankly, just because they have this note, if it's endorsed in blank, there's plenty of law which say at that point they have the note unless you can come up with some evidence to the contrary. That's right. And so that's what I'm trying to still do here today. So what we have is we have the Veal case, and the Veal case says that the possessor of the note must demonstrate both the fact of the delivery and the purpose of the delivery of the note to the transferee in order to qualify as a person entitled to enforce the note. Frankly, to me, Veal is not contrary. Veal's determined only which state law to apply, and they decided which state law to apply, and I don't have that issue here. I'm only applying the law that is applicable in this particular state. I don't got to find what issue to apply, and that's what Veal's about. So Veal does not control me in my book. I understand. But what I'm trying to say is I think that there is rebuttable. The presumption that they had a valid prima facie is rebuttable, and I think there was enough shown to say. And even if there wasn't enough shown. What did you show that rebuts? We showed a credit report where it says that the debt was fully paid. It wasn't just fully paid by Bank of America. It didn't just report that. Aukland reported that. Now, why? Ask yourself, why do these publicly traded entities, these big entities, they have all kinds of rules requiring what they can report to the credit bureaus and what they can't. Why do they report that this debt was fully paid? They could have said discharged. They should have said bankruptcy filed. They could have said anything, but they said it's fully paid. So that fact troubled me quite a bit because I had not seen that. So as I go through, the whole point of the fact that there's a REMIC and the fact that there's a PSA leads me to this anomaly case, this aberration case. What I'm trying to say is that somewhere along the line, the auditors, the people that are responsible for B of A, Countrywide, Aukland, they have to do reporting. So I can't report a debt as fully paid on my books unless it's fully paid. I just can't do it. But they do it here. But then what they do is they say, I'm not going to, you know, I'm going to walk in with a note and say, hey, I have a right to establish my claim just on the note. I think there's a conflict there. And what I'm trying to say is that this REMIC, this REMIC, and we know that what happened with Countrywide sold many of their, they registered thousands of REMICs, and they, REMICs were also sold to Washington Mutual. Washington Mutual was taken over by the Office of Thrift and, what is it? It doesn't matter. Okay, the OTS. Yeah, so they were taken over. No, no, it does matter here because it matters with all due respect because they might have taken it over. Then the FDIC might have responsibility. But what we're saying is that these, the appellee here and his predecessors, they're servicers. They're servicing who? Who are they servicing? Counselor, just as a matter of practical common sense, to accept your argument, to me, we have to believe that another entity paid the mortgage on behalf of your client. That's correct, Your Honor. Why would an entity, why would a mortgage servicer do that, pay the mortgage on behalf of your client? That's what the PSA says. The PSA says that when the REMIC buys the note, they buy all right, title, and interest to that note except for the servicing rights. So they pay it off. Now, they have to be in existence to enforce anything else. But they're not here. That's the strange part about this case. Because if they were here, if the REMIC says, hey, I'm over here and I want that, you know, I have the note and I want it to be enforced, let them do it. Show us that. We're fine. But you're saying the REMIC might have the right to expect payment. That's correct. From your client. Correct. But the holder of the note that filed the proof of claim isn't the entity that has the right to it. That's correct. And why is that? Let me go through why is that. Because going back to the Article III, there's a transfer required. If I, you know, I buy your note, okay? I buy your note. I give you the money. You give me the note. I have the note. But I say, you just hold on to the note in case there's ever a problem. And if there's a problem, I'll give you the instruction to go ahead and foreclose. But I'm not here. I can't. You're a servicer. You're servicing on behalf of the REMIC. But that conflicts with the law that says the holder of an endorsed note is entitled to enforce it. But, again, I know with all due respect, he doesn't like the Veal case. He is Judge Smith. Judge Smith, excuse me. I'm sorry. But, Judge Smith, that would be looking not just for you. I believe you're citing, if at all, you're citing the dicta from the Veal case. You're not citing the holding. The holding was what law to apply. So, therefore, it doesn't seem to me that Veal is going to control me in this situation. It's not just Veal. We have the Rivera case. We have the Zuleta case. We have the Green case. We have the case. The Rivera case. We have Wells from Ohio. And we have the Kent case from New Jersey. They all deal with these facts of the Chapter 13 proof of claim and the burden that falls there. And what we're saying is there was enough here. And you might disagree, but there was enough here to say, you know what? I don't know if the presumption has been fully rebutted, but at least let's have an evidentiary hearing and find out about it.  Do you want any time for rebuttal, Ken? I'll save the rest of my time for rebuttal. All right, thank you. Thank you. Good morning. Good morning, Your Honors. May it please the Court, my name is Daniel Sanchez Behar with Hinshaw & Culberson for Ocwin Loan Servicing, LLC. Judge Smith was trying to keep the discussion focusing in on the law, and that's what I'm going to try to do. I think it's important that we set forth the context of what the legal analysis is for a proof of claim. So I'd like to do that, and then I'd like to address some of the issues that were raised through the questions of Your Honors. This is an appeal from a bankruptcy court order overruling an objection to Ocwin's proof of claim in the bankruptcy court. The bankruptcy court correctly concluded that Ocwin had standing to file the proof of claim. That's the issue, standing to file a proof of claim. The bankruptcy appellate panel carefully reviewed that decision and affirmed it. So we're here principally on an issue of standing to file a proof of claim in the bankruptcy court, an issue that has been considered many times by courts in this circuit, repeatedly and consistently rejecting the arguments advanced by Ms. Sipser. There's a long list of cases from this circuit, such as Veal 2011, Zulueta 2011, Allen Green 2012, that clearly set forth what the law is and what the analysis is for these sort of issues. These cases inciting applying California Commercial Code, the UCC, these cases hold that a party has standing to file a proof of claim based on a promissory note secured by real property if that party is the person entitled to enforce the note under California Commercial Code Section 3301. Section 3301 says a party is a person entitled to enforce the note if it is the holder of the note under Section 1201 of the California Commercial Code. Section 1201, in combination with Section 3205, clearly states that the party in possession of a note endorsed in blank is the holder of the note, entitled to enforce the note, and therefore the party with standing to file a proof of claim. That's the analysis. It has several steps because one needs to consider several sections of the California Commercial Code, but that's the analysis. It's very clear and it's well established through a number of cases in this circuit. The bankruptcy court correctly stated the law on the subject and, in view of that law, determined that Ocwen was the entity that had possession of the note endorsed in blank and, therefore, the entity with standing to file the proof of claim. Again, that issue was reviewed by the BAP and affirmed. I'd like to address a couple of the issues that were raised by your honors in the presentation of the appellant. One has to do with the burden of proof that your honor raised, and I don't think we got a full answer to that. So the law is also very clear in terms of the standard of law in a proof of claim. The filing of a proof of claim is prima facie evidence of the claim's validity and the amount of the proof of claim. That's Bankruptcy Rule 3001. When a creditor files a proof of claim, the burden then shifts on an objector who must present evidence to overcome that prima facie case, and that's U.S. v. Offered, 2005, Bankruptcy, B.R., 2016, the Ninth Circuit. To defeat the claim, the objector must come forward with sufficient evidence to show facts tending to defeat the claim by probability force equal to that of the allegations of the proof of claim themselves. And only if the objector comes forward with sufficient evidence to negate a claim, then the burden reverts back to the creditor filing the proof of claim to prove that claim by a preponderance of the evidence. So there's a shift in back and forth. It seems to me you're going in the right direction, but it seems to me we have two issues here. If all we were talking about is whether this proof of claim was valid, it would seem to me that I'd have to give deference to the Bankruptcy Court because I'd review that on abuse of discretion. And so therefore, because the Bankruptcy Court said the proof of claim was valid and everything's okay, then it would seem to me their burden is pretty tough because at that point it's an abuse of discretion, and I don't see how you can find an abuse of discretion in this record. But what we're really talking about here is standing, and that is a de novo determination. So I don't make that determination based on any, if you will, deference to the Bankruptcy Court. I have to make that upon standing, and that's what I was trying to get my colleague to think about. I mean, the bottom line is the proof of claim was timely filed. It complied with the requirements, and that's prima facie validity that the proof of claim is what it is. And the district court confirmed it, and that makes it even worse on your competitor. But when we're talking about standing, and that's what he wouldn't let me quite get to without stopping him 40 times, the entity in actual possession of the note, endorsed in blank, and the beneficiary of the deed of trust, it seems to me we have plenty of case law which would suggest that person has standing. And therefore, on de novo review, I don't have a whole lot to talk about, and that's all I was trying to get him to focus on. And it seems to me you're taking me under the proof of claim standard, but if we go back to the standing standard, it's even worse. Well, Your Honor is absolutely correct. This is an issue of standing, and Your Honor is correct to point out, and I think actually the analysis is simpler than what Your Honor stated because Your Honor stated the possessor of the promissory note, endorsed in blank, as well as the deed of trust. The law doesn't go as far as to say and the assignee of the deed of trust. The law clearly says it's simply the possessor of the note endorsed in blank. A note endorsed in blank is a unique negotiated instrument, and it's subject to the UCC. And because it is endorsed in blank, it grants the holder of that note, the possessor, to enforce the note. There has to be no proof, and I know that Ms. Sipser ---- The only reason that I went on to say about the beneficiary is because that's what the bankruptcy court said, and that's also what the BAP said. Correct. Right. And I go back to the analysis that I attempted to present to Your Honors with my first remarks. The fact that these cases in the BAP, Veal, Zulueta, Allen, Green, they all consistently say what Your Honor has stated, that the issue of standing on a note endorsed in blank is the holder of the note, the possessor of the note. And there really is no lack of clarity on that issue. There's really no dispute. The law is very clear, and the courts have held as such consistently. And so to bring up an issue that was raised by Your Honors as well in a question, the PSA. And Your Honor asked what's the import of the existence of the PSA. In this appeal, none. It has nothing to do with this appeal. Because what Ms. Sipser is trying to do is confuse the issues and shift the attention and the burden of proof from one to, let's see if we could challenge the transfers of the deed of trust from the beginning to the end, see if we could find some defect there. And if we could do that, let's see if we could challenge the proof of claim. But the transfers of the deed of trust have nothing to do with the standing of a proof of claim. Again, we're not in a wrongful foreclosure lawsuit. We're not here seeking to challenge the deed of trust and whether the deed of trust is void or voidable, whether the party seeking to foreclose has a proper deed of trust and whether it was adequately transferred. We're here in the bankruptcy court on a proof of claim and whether the party found the proof of claim has standing. And the law there is very simple and it's very clear when it comes to a note endorsed in blank. It's the possessor of the note endorsed in blank. Another comment on the PSA, your Honor asked what's the import of the PSA. In California law, homeowners have tried to challenge the PSAs and whether the parties to the PSA, the homeowner is not a party to the PSA. It's the servicer and the investor. Homeowners repeatedly try to challenge the PSA in trying to determine whether the terms of the PSA have been complied by the parties to the PSA. In California, the law very clearly says that a homeowner has no standing to challenge the PSA. They're not a party to the PSA. But again, this is sort of the shift that Ms. Sipser is trying to bring us to and try to look at the deed of trust and the transfers. And the law that they are trying to argue is that Aquin had an obligation in addition to proving that he had a note endorsed in blank, is to prove an unbroken chain of possession of the deed of trust. And that's not the standard that the law applies. That has really nothing to do with our appeal. Counsel, may I ask you what's your response to opposing counsel's reliance on the notation that the loan had been paid in full? Well, that's interesting because as I was sitting here, I was listening to that. And because the issues on this appeal are so narrow and the record on appeal is so narrow, I'm not even sure what counsel is referring to. But I know that that evidence is not on appeal. Counsel is not allowed to make the record on appeal. So I'm unaware of the background of that assertion. I can say that Ms. Sipser has filed two subsequent lawsuits after the approval claim, and they're trying to prove all sorts of things. And I think that may relate to that. But that has nothing to do with this appeal. So I'm not quite sure what he's referring to. But I go back to the issue that how does that fit in the analytical premises that is being consistently established for determining whether a party has standing to file approval claim. And so that has nothing to do with it. But I'm unable to answer Your Honor's question because I don't know where that evidence comes from. And I heard statements from counsel throughout his presentation that are not on the record. And so I respectfully submit that the court shouldn't take that evidence or at least the statements of counsel, which is not evidence, into account. What's your response to opposing counsel's position that his client was denied an evidentiary hearing? Well, this issue was thoroughly addressed by the bankruptcy court. It's addressed in the memorandum of decision, and it's addressed in the BAP. There's nothing in the record that states that Ms. Sipser requested an evidentiary hearing. Ms. Sipser had the right to present evidence. Going back to the issue of the burdens of proof, she had the right to present evidence to refute the approval claim, and she chose not to do so. There's nothing in the record that shows that she made a request for an evidentiary hearing, and they've presented no legal authority for the proposition that the bankruptcy court was required to grant an evidentiary hearing. The other issue with the evidentiary hearing is also that there's no showing as to what evidence would have been presented in an evidentiary hearing and what different outcome that would have resulted. Again, we go back to what I'm hearing counsel argue is the PSA. But the PSA, Ms. Sipser has no standing to challenge the PSA, number one, and it's irrelevant to the analysis on the issue of standing to file approval claim in the bankruptcy court. I have no questions. Thank you, counsel. Thank you. Rebuttal. Excuse me. I'll try to be quick. A few things. We're not challenging any PSA. We're just saying that that's in the existence of a fact. And prior to the PSA, there was a contract of sale with the remit. Two documents. First of all, the- Are they in this record? Are they in this record before the court? But I believe that they-I don't think we put forms of those documents in the record. No, they're not there. So then why are we talking about them? Just because of the fact the existence of a PSA was brought up. I'm just saying. That's fine. His biggest comment to you is don't argue stuff outside the record, and now you're saying I did. Okay. But I think the main thing that is in the record that we're trying to establish is that the one that is entitled to enforce the note, which you commented on, Your Honor, is the owner-beneficiary. And what we're saying is that there's been no evidence whatsoever that neither Ocwin nor Bank America- by the way, this court was transferred during the pendency of this appeal to another servicer called Caliper, and Caliper has foreclosed on the property. So the state law now that comes into effect are the cases like Winova, the Glaske case, and the Sicoretta case. What we're trying to say is that they have to show more than I just have the note. They have to show, and we can go through and show. What case do you have that says that? That's what he's saying. Look at the cases, Judge. You can look at the cases, and you can see that all I've got to have is hold this note, and there are cases which say and be the beneficiary of the deed of trust. He says I don't even have to have that. What case is there that says he needs any more than that? I mean, I cited the court to the Veal case. Oh, I've said the Veal case doesn't say that. But if we look at the Glaske case, the Glaske says just your possession of the note is not enough. And that's what we're- All right. I understand your argument. Thank you. All right. Please sum up, counsel. Yeah. So there are many things that would have been discovered at a-had we had an evidentiary hearing. But opposing counsel says none was requested. I can speak directly to that, and I will. As I said-as I started to say earlier, I went through Rule 3007. I contacted the court clerk. I'm not familiar with Judge Carroll that much, but I know it's a crowded courtroom. So I said if there's any issue, we would like an evidentiary hearing, and would you make that a note to the judge? Did you file a written motion? I put-that's attached to my BAP with my declaration. All right. So I attached that as to that- You what? I attached the declaration as to those facts to my-to the filing that we did before the BAP. Oh. Okay. So that was done there. Yeah, but my question was did you file a written motion in the bankruptcy court for an evidentiary hearing? No. We actually-no. I think there was a motion for reconsideration. Then we went to the BAP. All right. Thank you, counsel. Thank you to both counsel. Thank you. The case just argued is submitted for decision by the-
judges: Fernandez, Rawlinson, N.R. Smith